Filed 5/1/13  P. v. Kirkwood CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B244816 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA056748) |
| v. | |
| LARRY KIRKWOOD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard, Bernie C. Laforteza, Judges.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

We appointed counsel to represent appellant in this matter. After examining the record, counsel filed a "*Wende*" brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We directed appointed counsel to immediately send the record on this appeal and a copy of the opening brief to appellant and notified appellant that within 30 days from the date of the notice he could submit by brief or letter any grounds of appeal, contentions or argument he wished us to consider. We received a response from appellant that we will discuss below.

We have examined the entire record and are satisfied that counsel's responsibilities have been satisfied and that no arguable issue exists on the basis of the record before us. (*People v. Wende*, *supra,* 25 Cal.3d at p. 441.) We set out below a brief description of the facts and procedural history of the case, the crimes of which the appellant was convicted, the punishment imposed and appellant's contentions on appeal. (*People v. Kelly* (2006) 40 Cal.4th 106, 110.)

The complaint charged appellant with two counts of second degree burglary. Only Count 2 alleged that appellant used a firearm in the commission of the crime. Pursuant to a plea bargain, appellant pleaded "no contest" to Count 2 of the complaint and admitted personally using a gun in the crime as alleged in that count. Count 1 was dismissed.

At the sentencing hearing appellant moved to withdraw his plea claiming that it was based on misinformation from his appointed counsel regarding the facts of the case. He also claimed that he thought he was pleading to Count 1 of the information which did not allege a gun use enhancement instead of Count 2 which did. The court denied the motion.

The court sentenced appellant to the midterm of three years and a consecutive 10 years for the gun use under Penal Code section 12022.53, subdivision (b).

Appellant filed a notice of appeal claiming that "I didn't know what [no contest] meant[.]" The court granted a certificate of probable cause.

After appellant's appointed counsel on appeal filed a "*Wende*" brief, appellant filed two letters with us essentially arguing that his plea should be set aside because his attorney provided ineffective assistance. Specifically, appellant alleges that his attorney gave him "wrong information" and there was no evidence that he used a gun in the robbery. The record refutes appellant's claims.

Before accepting appellant's plea of no contest the court asked appellant: "Do you understand that your plea of no contest will be treated the same as a guilty plea by this and every other court?" Appellant answered: "Yes, ma'am." The court mentioned several times that appellant was pleading to "Count 2" and asked appellant if he had any questions or if there was anything he didn't understand. Appellant's only question was whether the prison would assign him to fire camp. The court also informed appellant that the complaint alleged that during the commission of the offense in Count 2, he "personally used a firearm, a handgun, within the meaning of Penal Code section 12022.53 subdivision (b)" and asked appellant: "Sir, do you admit or deny that allegation?" Appellant answered: "I admit."

No evidence of appellant's use of a gun was produced because there was no preliminary hearing or trial. Appellant's counsel explained at the hearing, however, that the police had an identification of appellant by the victim in Count 2 along with the victim's statement: "This is the suspect that held a gun on me." Counsel also told the court that she advised appellant that if he did not accept the prosecution's offer of 13 years the prosecution threatened to add a gang enhancement to the charges "that would increase the exposure to 30 years." We cannot judge from the record the seriousness of the prosecution's threat.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, J.

We concur:


MALLANO, P. J.


CHANEY, J.

3